UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY JAY HAWKINS,

        Movant,

v.                                                                          Case No. 1:19-CV-179
                                                                          (Criminal Case No. 1:17-CR-197-1)

UNITED STATES OF AMERICA,
                                                                          HON. GORDON J. QUIST

        Respondent.

_____/

## OPINION

Movant, Timothy Hawkins, has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set

Aside, or Correct Sentence By a Person in Federal Custody, seeking relief from his conviction

by plea to possession with intent to distribute heroin, cocaine, and cocaine base, in violation of

21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On August 1, 2018, this Court sentenced Hawkins to 144

months' imprisonment and three years of supervised release.  (Case No. 1:17-CR-197, ECF No.

38.)  The presentence report found that because of his criminal history, Hawkins was a career

offender, making his adjusted offense level 32 instead of 26.  After a three-level reduction for

acceptance of responsibility, Hawkins's total offense level was 29.  With a criminal history

category of VI, Hawkins's Sentencing Guidelines range was 151 to 188 months.  At sentencing,

Hawkins moved for a downward variance.  This Court granted Hawkins's motion and gave him

"a very slight departure to 144 months."  (Case No. 1:17-CR-197, ECF No. 43 at PageID.232.)

Hawkins appealed his plea and sentence.  On January 11, 2019, the United States Court

of Appeals for the Sixth Circuit affirmed the judgment.  (Case No. 1:17-CR-197, ECF No. 44.)

Hawkins filed the instant timely § 2255 motion on March 8, 2019. Hawkins's sole statement in his motion, which the Court considers his claim, is as follows: "Due to ineffective assistance I was unable to make a downward departure request, concerning the pending change in law which made my prior conviction for Marijuana unable to use to enhance my [sic] under § 851, therefore I seek resentencing." (ECF No. 1 at PageID.12.) Hawkins's brief provides a bit more elaboration. As the Court understands it, Hawkins argues that his counsel was ineffective for failing to seek a downward variance or departure based on the change in definition of "serious drug felony" under the First Step Act of 2018, which, as the Court understands Hawkins's argument, would have precluded the use of Hawkins's prior controlled substance offenses as predicates for application of the career offender enhancement. Hawkins also appears to argue that counsel should have argued that Hawkins's prior marijuana convictions should not have been considered for the career offender enhancement because recreational use of marijuana is now legal in Michigan.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, upon receiving a § 2255 Motion, the judge who imposed the sentence must "promptly examine" the motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Having conducted the review required by Rule 4(b), the Court will dismiss the motion because it is without merit.

Among other things, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended the definition of what constitutes a "serious drug felony" for purposes of enhancements under 21 U.S.C. § 851. Hawkins contends that his counsel, being aware of the impending

change to the definition of "serious drug felony" under 18 U.S.C. § 924(e)(2)(A) specified in the First Step Act, should have argued that his prior conviction was not a serious drug felony because Hawkins did not serve more than a year on the sentence. (ECF No. 2 at PageID.16–17.)

Hawkins's argument that his counsel was ineffective lacks merit. As noted above, the change to the definition of "serious drug felony" made by § 401 of the First Step Act pertained to enhancements under 21 U.S.C. § 851. Hawkins was not sentenced based on an enhancement pursuant to § 851. In fact, Hawkins's Plea Agreement provided that the government "agree[d] to move to dismiss the Information and Notice of Prior Felony Drug conviction which would enhance Defendant's sentence pursuant to 21 U.S.C. § 851." (Case No. 1:17-CR-197, ECF No. 24 at PageID.83.) At sentencing, the government explained to the Court that with the § 851 enhancement, Hawkins would have been at a base offense level of 34 under the career offender guideline, as opposed to a base offense level of 31 without the enhancement. (Case No. 1:17-CR-197, ECF No. 43 at PageID.218–19.) Hawkins thus received the benefit of what the government promised under the Plea Agreement by receiving a lower sentence. Contrary to Hawkins's assertion, the First Step Act did not affect the definition of "controlled substance offense" under U.S.S.G. § 4B1.2(b). Counsel cannot be ineffective for failing to raise a meritless claim. *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006).

As for Hawkins's argument based on the legality of recreational use of marijuana in Michigan, the argument is frivolous. First, recreational use of marijuana was not legalized in Michigan until Michigan citizens voted on the issue in November 2018. Marijuana use in Michigan was illegal at the time Hawkins committed his controlled substance offenses. More importantly, however, counsel was not required to make an argument based on the results of an election that would not occur for three more months. *See Hooper v. United States*, No. 99-1287,

2000 WL 658037, at *2 (6th Cir. May 8, 2000) (noting that "this court has consistently held that counsel is not required to be prescient").

Having concluded that Hawkins is not entitled to relief, the Court must consider whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if Hawkins has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Hawkins's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Hawkins's claim was debatable or wrong. Therefore, the Court will deny Hawkins a certificate of appealability.

In sum, the Court will dismiss Hawkins's § 2255 Motion and deny him a certificate of appealability

A separate order will issue.


Dated: May 15, 2019                      /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE